[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is taken from a final judgement of the Lake County Court of Common Pleas. Appellant, Stephen W. New, seeks the reversal of the trial court's determination that he is a sexual predator pursuant to R.C. Chapter 2950.
In 1985, a jury found appellant guilty of two counts of rape and two counts of gross sexual imposition. The charges involved appellant's seven-year-old stepdaughter and his four-year-old niece. After the jury returned its verdict, the trial court sentenced appellant to two consecutive life sentences for the rape convictions and a definite two-year term of imprisonment for each count of gross sexual imposition. On appeal, this court reversed one of appellant's rape convictions on sufficiency grounds. However, we upheld appellant's remaining three convictions. State v. New (Dec. 19, 1986), 11th Dist. Nos. 11-174 and 11-259, 1986 WL 14588.
When the Ohio Department of Rehabilitation and Correction recommended that appellant be adjudicated a sexual predator, the trial court issued a judgment entry ordering that appellant be transported to Lake County so that a sexual offender classification hearing could be conducted. The trial court held the sexual offender classification hearing on December 6, 2000. During the proceedings, both parties introduced evidence into the record, including the following: (1) appellant's psychological evaluation; (2) the trial transcript from appellant's 1985 trial; (3) documents relating to appellant's participation in sexual offender programs; (4) letters of support from the community; (5) a letter from one of the victims recanting her allegations; (6) appellant's prison employment record; and (7) documents regarding programs appellant had been involved in or completed during his incarceration. Upon consideration of this evidence, the trial court issued a judgment entry on December 14, 2000, in which the court concluded that appellant should be classified as a sexual predator.
From this judgment, appellant filed a timely notice of appeal with this court. He now argues under his sole assignment of error that the trial court's determination that he is a sexual predator is against the manifest weight of the evidence. Specifically, appellant maintains that there is no clear and convincing evidence indicating that he is likely to commit a sexual offense in the future.
R.C. 2950.01(E) defines a "sexual predator" as a person who has been convicted of a sexually oriented offense and is likely to engage in that type of behavior again in the future. In applying this definition, a trial court can classify an individual as a sexual predator only if it concludes that the state has established both prongs of the definition by clear and convincing evidence. See R.C. 2950.09(B)(3). Clear and convincing evidence is the measure or degree of proof which "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
To assist a trial court in making its determination on whether or not a particular person is a sexual predator, R.C. 2950.09(B)(2) sets forth a list of nonexclusive factors that a court must consider when deciding whether to adjudicate an offender as a sexual predator. These factors include: (1) the offender's age; (2) the offender's prior criminal record; (3) the victim's age; (4) whether the underlying sexually oriented offense involved multiple victims; (5) whether the offender used alcohol or drugs to impair or incapacitate the victim; (6) whether the offender has previously participated in a rehabilitative program for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the specific nature of the sexual conduct involved in the underlying sexually oriented offense; (9) whether the offender acted cruelly in committing the underlying sexually oriented offense; and (10) any additional behavioral characteristics that contribute to the offender's conduct.
In applying the foregoing factors, the appellate courts of this state have held that a finding of likely recidivism can be made even though a majority of the factors are not relevant in a given case. State v. Head
(Jan. 19, 2001), 11th Dist. No. 99-L-152, 2001 Ohio App. LEXIS 160, at 4. Furthermore, a trial court can give greater weight to one factor over another if it is warranted under the specific facts of the case. Statev. Bradley (June 19, 1998), 2nd Dist. Nos. 16662 and 16664, 1998 Ohio App. LEXIS 2744.
When reviewing a claim that a judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts, the trier of fact lost its way and created a miscarriage of justice. State v. Martin
(1983), 20 Ohio App.3d 172, 175. See, also, State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52.
In the instant case, the record clearly shows that the trial court considered each of the factors under R.C. 2950.09(B)(2) and concluded that there was clear and convincing evidence that appellant is a sexual predator. Specifically, the trial court found that appellant had committed a sexually oriented offense, i.e., rape and two counts gross sexual imposition, and that he was likely to engage in that type of behavior again in the future.
To support this second conclusion, the trial court found the following factors to be relevant:
 "a.) [Appellant] was twenty-eight (28) years of age at the time of the offense[s];
 "c.) The victims of the sexually oriented offense[s] for which sentence was imposed were four (4) and seven (7) years of age at the time of the crime;
 "d.) The sexually oriented offense[s] for which the sentence was imposed involved multiple victims, [appellant's] niece and step-daughter;
 "h.) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victims of the sexually oriented offense[s] and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse. The Court finds that based upon the evidence at trial that there was a demonstrated pattern of abuse[;]
 "i.) The nature of [appellant's] actions during the commission of the sexually oriented offense displayed cruelty or threats of cruelty;
 "j.) [Appellant], although he was successfully completed Sexual Offender treatment while incarcerated in prison, minimizes his criminal conduct in regards to the criminal offenses involving the victims."
After reviewing the record in this case, we conclude that the trial court's judgment finding appellant to be a sexual predator is supported by clear and convincing evidence and is not against the manifest weight of the evidence. The facts show that appellant sexually assaulted his seven-year-old stepdaughter on two separate occasions, and that he similarly assaulted his four-year-old niece at least one time. The nature of this sexual conduct demonstrated a pattern of abuse, which was facilitated by appellant's familial relationship with the victims.
Maybe most important for our analysis, appellant has steadfastly refused to accept responsibility for his conduct, and instead, minimizes his actions. For example, appellant denies ever having any sexual contact with his four-year-old niece; instead, he accuses the little girl's grandfather of committing the acts. As for his stepdaughter, appellant claims that although he "fondled" the victim, he never raped her because there was no penetration.
As this court has noted in similar situations, such "deviant behavior shows such a disregard for our most basic taboos that the risk of recidivism must be considered great." State v. Heym (Dec. 22, 2000), 11th Dist. No. 99-L-192, 2000 WL 1876648, at 4. See, also State v. Swick, 11th Dist. No. 97-L-254, 2001-Ohio 8831, 2001 Ohio App. LEXIS 5857, at 26;State v. Brown, (Sept. 21, 2000), 11th Dist. Nos. 98-L-257 and 98-L-258, 2001 Ohio App. LEXIS 4288, at 9-10. The young age of the victims, combined with their relationship with appellant and his inability or refusal to appreciate his actions, all attest to appellant's likelihood of engaging in similar acts in the future.
Appellant's psychological evaluation classified him as having a low to moderate risk of re-offending. He argues the trial court disregarded this favorable assessment, along with his efforts to receive treatment in prison, when it classified him as a sexual predator. After looking at the record, we conclude that there is nothing to indicate that the trial court "disregarded all of the positive aspects of the Psychological Report and [appellant's] efforts to further educate himself in prison[,]" or that the court failed to give appellant's psychological evaluation sufficient weight.
The trial court stated during the sexual offender hearing that it wanted to "commend [appellant] for his efforts in trying to help himself and to gain further education[.]" However, the trial court correctly noted that appellant's efforts to improve himself, while laudable, were not the only issues to consider in determining whether or not he was a sexual predator.
Furthermore, the same report appellant relies upon stated that there was evidence appellant suffers from pedophilia and "appears as an opportunistic child molester." Thus, despite the fact that a psychological evaluation should be accorded substantial weight in this type of proceeding, it is not the only factor to consider. Under R.C. Chapter 2950, the trial court has the discretion to assess the significance of a psychological evaluation, as with any other piece of evidence, and must consider the totality of the circumstances presented in a given case when making its decision. See, e.g., State v. Morrison (Sept. 20, 2001), 10th Dist. No. 01AP-66, 20001 WL 1098086.
Finally, we would note that appellant introduced during the sexual offender classification hearing a letter from his stepdaughter in which she denies appellant sexually abused her. In this letter, which was written in 1992, the stepdaughter essentially states that at the time of appellant's trial, she did not truly understand what was happening, and that she was told by someone what to say.
Whether or not this is letter is accurate, it ultimately has no effect on the outcome of this case. Specifically, when appellant originally appealed following his trial, this court reversed one of his convictions relating to the rape of his stepdaughter, concluding that the evidence was insufficient as a matter of law. Appellant, however, in an effort to minimize his actions, admitted in his psychological evaluation that he "fondled [his seven-year old stepdaughter's] genitals" and helped remove her clothes on two different occasions, and that during the second assault, he "`humped her chest and stomach area * * * [and] ejaculated on her body.'" As a result, while the stepdaughter has since claimed that appellant did not sexually abuse her as a child, appellant's own admissions tell a very different story.
Accordingly, based on the totality of the circumstances, there was some competent, credible evidence supporting a firm belief that appellant had committed a sexually oriented offense and was likely to commit another such offense in the future.[1] Appellant's sole assignment of error is not well-taken and the judgment of the trial court is affirmed.
WILLIAM M. O'NEILL, P.J., concurs, ROBERT A. NADER, J., dissents.
[1] Although R.C. 2950.09 does not require that the trial court refer to each factor when making a sexual predator determination, the court is required to provide a "general discussion" of the relevant criteria so that an appellate court can conduct a meaningful review of the decision.State v. Randall (2001), 141 Ohio App.3d 160, 165-166. That is, a trial court should "discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." State v. Eppinger, 91 Ohio St.3d 158, 2001-Ohio-27.